REQUESTED BY: Jim Joneson, Executive Director Nebraska Commission on Law Enforcement and Criminal Justice
Nebraska Revised Statute § 83-4,126 (Cum. Supp. 1990), as amended by Laws 1990, LB 663, 17, expanded the authority and responsibility of the Jail Standards Board as follows:
[The Board is to] develop standards for juvenile detention facilities, including, but not limited to, standards for physical facilities, care, programs, and disciplinary procedures, and to develop guidelines pertaining to the operation of such facilities.
The standards and guidelines the Board is directed to create are to be "consistent with the purposes and the objectives of the Juvenile Services Act." Id.
You ask two questions:
1. Whether the term "juvenile detention facilities", as employed in § 83-4,126, falls within the definition of the term "criminal detention facilities" as that term is employed in § 83-4,126 et. seq.; and
2. Does the Jail Standards Board have the responsibility to inspect "juvenile detention facilities" and enforce compliance with the standards and guidelines § 83-4,126(3) directs the Board to create?
The term "juvenile detention facilities" in § 83-4,126 creates a distinct classification of facilities not within the definition of the term "criminal detention facilities" otherwise referenced in § 83-4,124 et. seq.
First, the term "criminal detention facilities" is specifically defined by § 83-4,125 and as such states:
Criminal detention facility shall mean any institution operated by a political jurisdiction or a combination of jurisdictions for the careful keeping or rehabilitative needs of adult or juvenile criminal offenders or those being detained while awaiting disposition of charges against them.
(Emphasis added) As you have noted, this office has previously opined that facilities which are operated to house individuals who are under the jurisdiction of the separate juvenile courts are not to be treated as "criminal detention facilities" for purposes of the application and enforcement of state minimum jail standards, as such juveniles are not by law being treated as "criminals". Nebraska Attorney General Opinion #139 (Oct. 25, 1985).
LB 663 did not alter or amend the definition of "criminal detention facilities" in 83-4,125. Therefore, we conclude that the 1990 amendment of 83-4,126 expanded the authority of the Board into an area previously not deemed to be within its responsibilities. This conclusion would appear to be consistent with the stated purpose and intent of the Juvenile Services Act which clearly includes the creation of treatment alternatives distinct from those available to adult offenders.
The Legislature hereby finds that the incarceration of juveniles in adult jails, lockups, and correctional facilities is contrary to the best interests and well-being of juveniles and frequently inconsistent with state and federal law requiring intervention by the least restrictive method.
The Jail Standards Board does not have the authority or the responsibility to inspect or otherwise monitor compliance with the standards and guidelines established pursuant to § 83-4,126(3).
We begin, again, with the premise that "criminal detention facilities" and "juvenile detention facilities" are distinct entities insofar as the Jail Standards Board is concerned. The entire enforcement mechanism for the Board begins with the specific responsibility to visit and inspect "each criminal detention facility in the state." Neb.Rev.Stat. § 83-4,131 (Reissue 1987). That statute was not amended by LB 663 to include the responsibility to visit and inspect the "juvenile detention facilities" for which standards are to be developed pursuant to § 83-4,126.
Therefore, we conclude that the standards which the Board is obligated to create for "juvenile detention facilities" would simply be available to the Juvenile Services Grant Committee as a mechanism by which they might both guide and measure the progress of applicants for funds under the Juvenile Services Act. Any failure of an applicant desirous of constructing and operating a juvenile detention facility to follow the standards and guidelines created by the Jail Standards Board pursuant to its obligation under § 83-4,126 would be subject to the Juvenile Services Grant Committee enforcement proceedings established by Neb.Rev. Stat. § 43-2409 (Cum. Supp. 1990).
Sincerely yours,
 DON STENBERG Attorney General